UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CORRINA MARTIN, on Behalf of Herself and Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 5:20-cv-1334 JURY TRIAL DEMANDED |
| CB RESTAURANTS, INC. d/b/a SUGAR'S GENTLEMEN'S CLUB, GLENN WILLIAMS, WILLIAM COX, and TERESA THOMPSON individually, | § § § § § § | |
| Defendants. | § | |

### ORIGINAL COLLECTIVE ACTION COMPLAINT

#### I.      SUMMARY

1.      Defendant CB Restaurants, Inc., d/b/a Sugar's Gentlemen's Club at 2731 Northwest Loop 410, San Antonio, TX 78230, Glenn Williams, William Cox, and Teresa Thompson (hereafter "Defendants") required Corrina Martin and others similarly situated (hereafter "Plaintiff" or "Plaintiffs") to work as exotic dancers at their adult entertainment club but refused to compensate them at the applicable minimum wage. In fact, Defendants refused to compensate them whatsoever for any hours worked. Plaintiffs' only compensation was in the form of tips from club patrons, and even those were partly confiscated by the club.

2.      Defendants took money from Plaintiffs in the form of "house fees." Plaintiffs were also required to divide tips with Defendants' managers and employees who do not customarily receive tips.

3.      Defendants misclassify dancers, including Plaintiffs, as independent contractors so that they do not have to compensate them at the federally mandated minimum wage rate.

4.      Defendants' practice of failing to pay employees wages violates the Fair Labor Standard Act's ("FLSA") minimum wage provision, and Defendants' practice of charging house

1

fees and confiscating tips also violates the FLSA because for at least one workweek in the relevant statutory period, these practices caused Plaintiffs to be paid below the minimum wage.

5. Defendants owe Plaintiffs minimum wages, house fee charges, tips illegally confiscated, liquidated damages, attorney's fees, and costs.

6. Plaintiffs also pray that the class of similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II. SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## III. PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Corrina Martin is an individual residing in San Antonio, Texas. Her consent to this action is attached as Exhibit "A."

10. Opt-in Plaintiffs are current or former exotic dancers who have worked at Defendants' adult entertainment club within the applicable limitations period and will file a valid consent to join this suit with the Court.

11. CB Restaurants, Inc., doing business as Sugar's Gentlemen's Club, is a Texas corporation. This Defendant may be served with process by serving its registered agent Brian W. Bishop at 900 West Avenue, Austin, Texas, 78701.

12. Glenn Williams is the President of CB Restaurants, Inc., and 80% owner and manager of the company. He may be served with process by serving the registered agent for the company, Brian Bishop, at 900 West Avenue, Austin, Texas, 78701, or at 10219 Outlaw Bend., Converse, TX, 78109, or wherever he may be found.

13. Teresa Thompson is an officer of CB Restaurants, Inc. and 20% owner and manager of the company. She may be served with process by serving the registered agent for the company,

Brian Bishop, at 900 West Avenue, Austin, Texas, 78701, or at 7919 Alton Blvd. Selma, TX 78154, or wherever she may be found.

14. William Cox is an individual responsible for corporate decision making at Sugar's as its business consultant. He sets rules and policies to be followed at Sugar's and makes sure they are adhered to. He may be served with process by serving the registered agent for the company, Brian Bishop, at 900 West Avenue, Austin, Texas, 78701, or wherever else he may be found.

## IV.   COLLECTIVE ALLEGATIONS

15. Named Plaintiff Martin has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff Martin worked with other dancers while she worked at Sugar's.

16. As such, Plaintiff Martin has first-hand personal knowledge of the same pay violations at Sugar's for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff Martin similar pay violation experiences including wage and tip confiscations, as those described in this complaint.

17. Plaintiff Martin brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

18. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

19. FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

20. As such, FLSA Class Members are similar to Plaintiff Martin in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

21. Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

22. The experiences of Plaintiff Martin, with respect to her pay, are typical of the experiences of the FLSA Class Members.

23. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

24. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

25. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

26. As such, Plaintiff Martin brings her FLSA claims as a collective action on behalf of the following class:

> **All current and former exotic dancers who worked for Defendants at Sugar's located in San Antonio, Texas any time starting three years before the filing of this lawsuit to the present.**

## V.   FLSA COVERAGE

27. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

28. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

29. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

30. Furthermore, Defendants have had, and continue to have, an annual gross business volume with Sugar's of $500,000 or higher.

31. Individual owner Glenn Williams is an employer under the FLSA because he individually, and through CB Restaurants, Inc., 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of

4

employment, 3) has the power to determine the rate and method of payment, and 4) is the individual responsible for maintaining employment records. He has ultimate management authority over Sugar's.

32. Individual owner Theresa Thompson is an employer under the FLSA because she 1) has the power to hire and fire dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, 3) has the power to determine the rate and method of payment, and 4) is the individual responsible for maintaining employment records. She is responsible for corporate oversight and bookkeeping and functions as the area manager for the clubs. She goes into the clubs to make sure they are operating smoothly and that policies are being adhered to.

33. William Cox is an employer under the FLSA because he is actively involved with overseeing the implementation of club rules and policies at Sugar's. Cox sets rules and policies to be followed at the clubs, including Sugar's, and makes sure they are adhered to. He has the authority to change compensation schemes utilized at the club. He is one of the individuals responsible for corporate decision making.

34. At all material times, Plaintiff Martin and FLSA Class Members were individual employees who engaged in commerce or the production of goods for commerce as required by 29 USC § 206-207.

## VI.  FACTS

35. Defendants operate an adult entertainment club in San Antonio, Texas, under the name of "Sugar's" (hereafter "Sugar's").

36. Plaintiff Martin was previously employed as an exotic dancer at Defendants' adult entertainment club during the statutory time period afforded under the FLSA.

37. Plaintiff Martin worked on a regular basis for Defendants' gentlemen's establishment.

38. Plaintiff Martin consistently worked at Sugar's from about March 2016 to May 2019.

39. Plaintiff Martin worked approximately three to four shifts a week, and she typically worked around seven hours per shift. She never received any wages during her employment with the club.

40. During at least one workweek in March 2016 continuing until May 2019, Plaintiff Martin worked at Sugar's for at least one hour and was not paid the federal minimum wage. This practice continued for the entirety of her employment. That is, Plaintiff Martin did not earn a single cent in minimum wage while at Sugar's.

41. Similarly, Opt-in Plaintiffs did not work a single hour at the club where they were paid the federally mandated minimum wage of $7.25 an hour.

42. Plaintiffs were classified by Defendants as independent contractors who actually paid house fees to dance at the club. On at least one occasion during the statutory period, Plaintiff Martin left the club with negative earnings, that is, she made less than what she paid in house fees to dance at the club.

43. Plaintiffs were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at the establishment.

44. Defendants also required Plaintiffs to share their tips with other non-service employees who do not customarily receive tips, including club managers, DJs, and house moms.

45. Defendants also took a portion of Plaintiffs' tips after Plaintiffs performed dances for customers. These amounts were not recorded in the club's gross sales receipts and were not distributed back to dancers. As alleged, no wages were provided to dancers.

46. Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiffs were employees of Defendants under Federal Law.

47. Defendants hired/fired, supervised, directed, disciplined, scheduled, and performed all other duties generally associated with that of an employer with regard to the dancers.

48. The following non-exhaustive list further demonstrates the dancers' status as employees:

    a. Defendants forced Plaintiffs to pay a house fee to dance in the club that increased over time from about $10-$50 per shift;

      b.    Defendants created an incentive for employees to arrive early because the house fee went up every hour which is a form of control;

      c.    Defendants unilaterally make the decision not to pay wages to dancers in accordance with the applicable laws;

      d.    Defendants set the price for floor and private dances at the club;

      e.    Defendants provided the Plaintiffs with music, poles, stages, VIP rooms, extensive lighting, and other tools to perform dances; the dancer only provides her own body;

      f.    Defendants mandate that Plaintiffs pay managers, DJs, and house moms a tip from their earnings;

      g.    Defendants require Plaintiffs to dance to two songs per shift minimum on stage in order to incentivize patrons to spend money;

      h.    Defendants fined the dancers about $20 if the dancer did not perform on the stage during a shift;

      i.    Defendants forced Plaintiffs to work entire shifts and would not allow them to leave early without manager approval;

      j.    Defendants impose a dress code on the dancers, requiring them to dress accordingly for certain theme nights and to cover their buttocks and breasts when not on stage or doing lap dances;

      k.    Defendants auditioned the dancers but did not provide training, the main consideration was the attractiveness of the dancer;

      l.    Defendants hired and fired all employees of the club – the dancers, DJ's, bouncers, managers, and others;

      m.    Defendants employed Plaintiffs and Class Members for several months or years;

49.    Plaintiffs constituted the workforce without which Defendants could not perform their services.

50. Plaintiffs' services were integrated into Defendants' operations, i.e. customers came to the club to see Plaintiffs dance.

51. Plaintiffs are not exempt from the minimum wage requirements under the FLSA.

52. Defendants' method of paying Plaintiffs in violation of the FLSA is willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

53. Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance with the FLSA. There are numerous federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

## VII.   CAUSES OF ACTION

### COUNT I: Failure to Pay Minimum Wages and Wages Due (Collective Action)

54. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

55. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

56. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants were her "employer." Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff and those similarly situated for all hours worked at an hourly rate not less than the Federal Minimum Wage.

57. At all times relevant, Defendants paid Plaintiff and those similarly situated nothing for all hours worked. In fact, when the deductions and withholdings that Defendants took from Plaintiff and FLSA Class Members are factored in, Defendants paid Plaintiff and/or FLSA Class Members less than nothing for hours worked each week.

58. Defendants' willful practice of failing to pay Plaintiffs at the required minimum wage rate violates the FLSA and was not based in good faith. 29 U.S.C. § 206.

59. The FLSA requires that Defendants allow Plaintiff and those similarly situated to keep all tips and gratuities received from customers. As set forth above, Defendants failed to pay Plaintiff and those similarly situated at hourly rates in compliance with the Federal minimum wage requirements.

60. Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and those similarly situated and belonging to Plaintiff and FLSA Class Members.

61. As also stated above, Defendants' practice of collecting a house fee charge from the dancers like Plaintiff also violates the law.

62. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required rates are applicable to the Defendants or the Plaintiffs.

### COUNT II: Unlawful Tip Sharing (Collective Action)

63. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

64. As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m).

65. Taking tips outside of a valid tip pool, or generally passing onto employees the cost of doing business is illegal under the FLSA.

66. Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

### VIII.   DAMAGES SOUGHT

67. Plaintiff and FLSA Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate.

68. Plaintiff and FLSA Class Members are also entitled to all of the misappropriated funds, including house fees, tips taken from them, earnings taken from dance performances, and any additional wages owed.

69. Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

70. Plaintiff and FLSA Class Members are entitled to prejudgment and post-judgment interest on unpaid back wages.

71. Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## IX. JURY DEMAND

72. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## X. PRAYER FOR RELIEF

73. For these reasons, Plaintiffs and FLSA Class Members respectfully request that judgment be entered in their favor awarding the damages requested above and the following:

   a. Minimum wage compensation;
   b. Liquidated damages;
   c. All misappropriated funds including all tips, fees, and fines wrongfully imposed or confiscated;
   d. Reasonable attorney's fees, costs, and expenses of this action;
   e. Pre- and post-judgment interest; and
   f. Such other and further relief to which Plaintiff and the Class Members may be entitled, both in law and in equity.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ *David W. Hodges*
David W. Hodges
Texas State Bar No. 00796765
dhodges@hftrialfirm.com
Tina E. Gutierrez
Texas State Bar No. 24116467
tgutierrez@hftrialfirm.com
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS IN CHARGE FOR PLAINTIFFS AND CLASS MEMBERS